**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**CLIVE B. HILGERT, AN INDIVIDU-**
**AL;**

    *Plaintiff*,

                                **Case No. 5:25-CV-01035-JKP**

**v.**

**THE STATE OF TEXAS, IN ITS AD-**
**MINISTRATIVE CAPACITY, AS RE-**
**SPONDENT SUPERIOR, FOR THE**
**POLITICAL SUBDIVISIONS OF THE**
**CITY OF MCALLEN, TX AND THE**
**COUNTY OF COMAL, TX; BOTH**
**POLITICAL SUBDIVISIONS AND**
**AGENTS OF THE STATE;**

    *Defendant.*

**<u>ORDER</u>**

Before the Court is the status of this matter. The Court has repeatedly ordered Plaintiff Clive B. Hilgert to either pay the filing fee or file a motion to proceed *in forma pauperis*. *See ECF Nos. 8, 23*. Most recently, U.S. Magistrate Judge Richard B. Farrer ordered Plaintiff to file a compliant motion to proceed *in forma pauperis* by Monday, April 27, 2026. *ECF No. 23*. In Magistrate Judge Farrer's Order, he warned Plaintiff "[i]f no compliant IFP Application is submitted timely or otherwise if no filing fee is paid timely, the case will be recommended for dismissal for failure to follow Court orders and want of prosecution." *Id*. at 5. Plaintiff did not respond to Magistrate Judge Farrer's Order or otherwise submit to the Court any further filings. Accordingly, this case will be dismissed *sua sponte* for want of prosecution and failure to follow a court order.

**LEGAL STANDARD**

Under Rule 41(b), where a plaintiff has failed to prosecute an action with reasonable diligence, a court may dismiss it on motion of defendant *or* on its own motion. *Davis ex rel. U.S. v. Davis*, No. 1:08-CV-00559, 2009 WL 4891761 at *2 (E.D. Tex. Dec. 17, 2009) (internal citations omitted). A district court of the United States is vested with power, under Rules 41 and 83 of the Federal Rules of Civil Procedure, to dismiss an action for failure of a plaintiff to prosecute it with reasonable diligence. *Id*. The power of a district court to dismiss for want of prosecution is inherent in the court and may be exercised *sua sponte* whenever necessary to achieve orderly and expeditious disposition of a case. *See Sturgeon v. Airborne Freight Corp.,* 778 F.2d 1154, 1159 (5th Cir. 1985); *Ramsay v. Bailey,* 531 F.2d 706, (5th Cir. 1976), *cert. denied* 429 U.S. 1107 (1976).

Cases interpret Rule 41(b) broadly to give courts the power, on their own motion, to clear their calendars of cases that have remained dormant because of inaction or dilatoriness of parties seeking relief. *See Link v. Wabash R. Co.,* 370 U.S. 626 (1962). Additionally, the Court has the inherent power to manage its own affairs "so as to achieve the orderly and expeditious disposition of cases." *Gonzalez v. Trinity Marine Group, Inc.,* 117 F.3d 894, 898 (5th Cir.1997) (quoting *Woodson v. Surgitek, Inc.,* 57 F.3d 1406, 1417 (5th Cir.1995)). Although Relator is proceeding *pro se,* she is not entitled to the lenient filing requirements afforded *pro se* prisoner litigants because she is not in the unique situation of a prisoner seeking relief without control over the mailing and filing of her pleadings. *See Cousin v. Lensing,* 310 F.3d 843, 848 (5th Cir. 2002), *cert. denied* 539 U.S. 918 (2003). Additionally, courts have continuously held that ignorance of the law and inadvertent noncompliance, including missed deadlines and defec-

tive pleadings, are inexcusable even when the plaintiff is proceeding *pro se. See, e.g., Teemac v. Henderson,* 298 F.3d 452, 458 (5th Cir. 2002).

## ANALYSIS

The Undersigned first ordered Plaintiff to either pay the filing fee or file a motion to proceed *in forma pauperis* on September 8, 2025. *See ECF No. 8*. On October 1, 2025, Plaintiff filed a non-compliant motion to proceed *in forma pauperis*. *ECF No. 17.* Later, after assessing the non-compliant motion, on March 27, 2026, U.S. Magistrate Judge Richard B. Farrer ordered Plaintiff to file a compliant motion to proceed *in forma pauperis* by Monday, April 27, 2026. *ECF No. 23*. In Magistrate Judge Farrer's Order, he warned Plaintiff "[i]f no compliant IFP Application is submitted timely or otherwise if no filing fee is paid timely, the case will be recommended for dismissal for failure to follow Court orders and want of prosecution." *Id*. at 5.

Certified copies of Magistrate Judge Farrer's Order, mailed to the address Plaintiff provided the Court, were returned as "unable to forward." *See ECF Nos. 24, 25, 26*. If Plaintiff moved or relocated, he did not update the Court. Plaintiff's failure to keep the Court apprised of his current address does not excuse his failure to respond or participate in this litigation. The Court finally notes Plaintiff last submitted a filing in this matter January 22, 2026. *See ECF No. 22*.

Accordingly, because of Plaintiff's failure to prosecute, the Court finds that this cause of action should be dismissed in its entirety under Rule 41(b) for want of prosecution.

## CONCLUSION

For the reasons stated herein, Plaintiff's case is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is **DIRECTED** to terminate this case from the Undersigned's docket.

3

**The Clerk of Court is DIRECTED to mail, via certified mail with return receipt requested, a copy of this Order to:**

1) Clive B. Hilgert, 11434 Culebra Road, Apt. 14102, San Antonio, TX 78253

It is so ORDERED.
SIGNED this 16th day of June, 2026.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE

4